Ruffin, C. J.
 

 The parties have taken much testimony; and the substance of it is clearly in support of the answer. There were no written articles, but the crier at the sale and several of the bidders prove, that the defendant gave distinct notice, that. doubts rested upon the title, as he was unable to trace it or find any evidence of it upon the Register’s books; and that the defendant, in order to induce persons to bid a fair price for the land, said that he would warrant the title. The witnesses all understood that the purchaser was to take a conveyance for the land at all events, whether the defendant could shew a good title or not in his testatrix or himself, provided he would bind himself by a general warranty in the deed. They state that the defendant was known to be a man of substantial and independent property, and that the bidders considered the title good to them by his agreement to make it good in case of an eviction. It is evident, that the plaintiff, also, had the same impression and understanding, For, after he was declared the purchaser, he made no enquiry as to the title, nor asked any delay for the purpose of looking into it; but was satisfied to give his bond for the price immediately, and take a deed, purporting, as was then thought, to convey a fee, and containing a general warranty, binding the defendant and his heirs. He also sold a part to another person, and conveyed it in fee. If there be a defect in
 
 *410
 
 the title, therefore, it cannot affect the contract these persons made: for the contract, in terms provided for such a possible or probable defect, and for the consequences of it. If a person chooses to buy a doubtful or bad title with his eyes open, and at his own risk, he is as much bound by that, as by any other contract fairly made. So, if he buy such a title with a guaranty of the seller against eviction or disturbance, he must take the title, and look to the vendor’s covenants for his security or indemnity. He cannot complain of any injury: for he gets precisely what he bargained for, namely, a conveyance with the warranty of the vendor. In such a Case the Court will not Iodic into the title at all; because the bargain was, that it was immaterial whether it was good or bad, provided the vendee had a covenant of indemnity. The plaintiff, therefore, wonld have been clearly bound to pay the purchase money, had the deed, that was made to him, been for a fee. That it was not, was merely by the mistake of the writer, and of the parties — as much of the one as of the other — as is proved by the writer of the deed and the subscribing witnesses. All thought it to be for the fee. The defect cannot excuse the refusal of the plaintiff to fulfil his part of the contract, inasmuch as the defendant, as soon as he had notice of it, offered to supply it by making another deed, and now submits to convey under the direction of the Court. The injunction ought, therefore, to be dissolved with full costs up to this time, and the plaintiff declared entitled to a deed from the defendant for the premises, which shall purport to convey the fee simple, and contain a general warranty or covenant of quiet possession, binding the defendant and bis heirs, to be approved of by the Clerk.
 

 Per Curiam.
 

 Decree accordingly.